UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>                              Plaintiff,<br><br>v.<br><br>STEPHEN'S CHICKEN, LP,<br><br>                              Defendant. | Case No.:  25-CV-1459 JLS (LR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 7) |

Presently before the Court are Defendant Stephen's Chicken, LP's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted ("Mot.," ECF No. 7) and Request for Judicial Notice ("RJN," ECF No. 7-1).  Plaintiff Fernando Gastelum filed a Response to Defendant's Motion to Dismiss ("Opp'n," ECF No. 9), and Defendant filed a Reply to Opposition to Motion to Dismiss ("Reply," ECF No. 11).  Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion (ECF No. 7) **WITH LEAVE TO AMEND**.

/ / /

/ / /

/ / /

1

## BACKGROUND

Plaintiff resides in Casa Grande, Arizona, and is missing a leg.  Compl. ¶¶ 2, 4. Since 2015, Plaintiff has used a wheelchair for mobility.  *Id.* ¶ 5.  Because of Plaintiff's physical disabilities, Plaintiff has difficulty walking, reaching, pushing, and doing other musculoskeletal activities.  *Id.* ¶ 6.

Defendant owns a Popeyes Louisiana Kitchen located at 1117 Imperial Ave. W, Calexico, CA 92231 (the "Restaurant").  *Id.* ¶ 7.  Plaintiff claims he visited the Restaurant on May 7, 2025.  *Id.* ¶ 14.  On the date of his visit, Plaintiff allegedly discovered the Restaurant was not compliant with the Americans with Disabilities Act's ("ADA") regulations concerning wheelchair accessibility.  *Id.*  Specifically, Plaintiff claims: the service counter did not provide sufficient knee and toe space; the service counter was cluttered with merchandise and equipment; the bathroom door required a push-pull force greater than five pounds; there were exposed pipes underneath the bathroom sink; and the outside seating failed to provide clear ground space of at least 30-by-48 inches and sufficient knee and toe space.  *Id.* ¶ 14(A)–(F).

Plaintiff filed the Complaint on June 5, 2025.  *See generally* Compl.  The Complaint alleges violations of the ADA, the California Unruh Civil Rights Act (the "Unruh Act"), and the California Disabled Persons Act (the "DPA").  *Id.* ¶ 10.  On June 27, 2025, Defendant filed the instant Motion, arguing that Plaintiff lacks standing under the ADA. *See generally* Mot.

## REQUEST FOR JUDICIAL NOTICE

The Court first addresses Defendant's Request for Judicial Notice.  *See generally* RJN.  Generally, a district court cannot rely on evidence outside the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgment.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."

*Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).  Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In support of its Motion, Defendant requests that the Court take judicial notice of the following exhibits: (1) a page from Google Maps showing the distance between Plaintiff's address in Casa Grande, Arizona, and the Restaurant's address in Calexico, California; and (2) a page from Google Maps showing the distance between Plaintiff's address and a nearby Popeyes Louisiana Kitchen located at 2223 E Florence Blvd, Casa Grande, AZ 85122.  *See* RJN, Exs. 1, 2.

Courts have taken judicial notice of a geographic location or distance measurement as compiled by Google or a similar website.  *See, e.g.*, *Pahls v. Thomas,* 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (taking judicial notice of a map provided by Google Maps); *Citizens for Peace in Space v. City of Colorado Springs*, 477 F.3d 1212, 1218 n.2 (10th Cir. 2007) (taking judicial notice of distance calculation which relied on information provided by Google Maps); *Tesoro Ref. & Mktg. Co. v. City of Long Beach*, 334 F. Supp. 3d 1031, 1042 (C.D. Cal. 2017) ("Courts may judicially notice locations using maps and satellite images." (citations omitted)).  Exhibits 1 and 2 are printouts directly from Google Maps.  *See* RJN, Exs. 1, 2.  Accordingly, the Court **GRANTS** Defendant's Request for Judicial Notice and takes judicial notice of Exhibits 1 and 2.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**MOTION TO DISMISS**

## I.    Legal Standard

A motion to dismiss for lack of standing is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Salazar v. Victoria's Secret & Co.*, No. 23-CV-06654-MMC, 2024 WL 3748348, at *2 (N.D. Cal. Aug. 9, 2024) (citation omitted). Although Defendant did not move to dismiss Plaintiff's claims under Rule 12(b)(1),[1] "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks and citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under Rule 12(b)(1), a party may raise by motion the defense that the complaint "lack[s] subject-matter jurisdiction," and may do so via a facial or factual attack. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction." *Courthouse News Servs. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

To have standing, a plaintiff must satisfy three elements: (1) "injury in fact" that is "concrete and particularized," and "actual or imminent"; (2) causality between the injury and the conduct at issue; and (3) likeliness that the injury will be redressed by a favorable

---

[1] Defendant brings its Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) but advances arguments only as to standing. *See generally* Mot. Accordingly, the Court will address Defendant's arguments under Federal Rule of Civil Procedure 12(b)(1), which addresses jurisdictional issues. *See* Fed. R. Civ. P. 12(b)(1) ("[A] party may assert the following defenses by motion . . . lack of subject-matter jurisdiction.").

4

result. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992). "In the context of a suit for injunctive relief, [the actual and imminent injury] requirement may only be satisfied where a plaintiff demonstrates 'a sufficient likelihood that he will again be wronged in a similar way.'" *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). "For injunctive relief under the ADA, 'a plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier.'" *Jones v. Diab*, No. 23-55096, 2024 WL 566502, at *1 (9th Cir. Feb. 13, 2024) (quoting *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023)). These are referred to, respectively, as the "deterrent effect doctrine" and the "intent to return doctrine." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011).

Here, Plaintiff asserts he has standing under the deterrent effect doctrine. *See* Opp'n at 5; *see also* Compl. ¶¶ 10, 18, 21. The deterrent effect doctrine requires allegations that (1) the plaintiff visited an accommodation in the past; (2) the plaintiff is currently deterred from returning to the accommodation because of ADA violations; and (3) the plaintiff would return if the ADA violations were remedied. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) (first citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); and then citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).

## II.   Discussion

Defendant argues that Plaintiff has not demonstrated a likelihood of future harm because Plaintiff lives over 200 miles away from the Restaurant. Mot. at 4–5. While proximity of a plaintiff's residence to the place of public accommodation is not dispositive, it is a factor courts routinely analyze to determine whether a plaintiff has demonstrated a likelihood of future harm sufficient to establish standing. *Jones*, 2024 WL 566502, at *2 (collecting cases).

The Ninth Circuit in *Langer* considered the pleading requirements for situations where the defendant's place of public accommodation "is far from a plaintiff's home." *Langer*, 57 F.4th at 1093. *Langer* cites to the *D'Lil* standard, which finds an "actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil*, 538 F.3d at 1037; *see also Langer*, 57 F.4th at 1093. To "show the actual and imminent nature of her injury," the plaintiff in *D'Lil* was required to "demonstrate her intent to return to the Santa Barbara area and, upon her return, her desire to stay at the Best Western Encina if it is made accessible." *D'Lil*, 538 F.3d at 1037. The plaintiff resided in Sacramento yet demonstrated her intent to return to Santa Barbara through "the regularity with which she visited the city before, during, and after her stay at the Best Western Encina." *Id.* Likewise, the plaintiff also "gave detailed reasons as to why she would prefer to stay at the Best Western Encina during her regular visits to Santa Barbara if it were made accessible including the hotel's style, price, and location." *Id.* at 1039.

*Langer* also cited to the comparable case *Doran*. *See Langer*, 57 F.4th at 1092; *Doran*, 524 F.3d 1034. In *Doran*, the defendant's store was located "more than 500 miles away from [plaintiff's] home," and the plaintiff asserted standing under the deterrent effect doctrine. *Doran*, 524 F.3d at 1039. The Ninth Circuit did not end the standing analysis simply because the plaintiff alleged that he was deterred. *Id.* at 1040. When determining "whether [the plaintiff's] injury [was] actual or imminent," the Ninth Circuit looked to several factors other than an allegation of current deterrence, including the plaintiff's allegations that he had visited the store ten to twenty times previously, the store was located near one of his favorite restaurants in Anaheim, and he planned to visit Anaheim at least once a year during his annual Disneyland trips. *Id.* The Ninth Circuit concluded that "[n]otwithstanding the distance between Doran's home and the 7–Eleven, there is an actual or imminent threat that, during his planned future visits to Anaheim, Doran will suffer harm as a result of the alleged barriers." *Id.* at 1041.

25-CV-1459 JLS (LR)

Even in *Pickern*, which *Langer* explains "established what became known as the deterrent effect doctrine for ADA standing," the Ninth Circuit looked to the plaintiff's particular intent and desire to return to the defendant store location when assessing actual or imminent injury. *Langer*, 57 F.4th at 1092; *see Pickern*, 293 F.3d at 1138. Despite living seventy miles away from the defendant store, the plaintiff demonstrated his intent to return to the geographical area by explaining that his "grandmother lives in Paradise, and [the plaintiff] visits Paradise frequently to see her." *Pickern*, 293 F.3d at 1135. Further, the Ninth Circuit explicitly considered the plaintiff's statement "that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible," in addition to the standard deterrence elements (actual knowledge of the barrier and an explanation of how the plaintiff obtained that knowledge) to conclude that the plaintiff sufficiently "establish[ed] actual or imminent injury for purposes of standing." *Id.* at 1138.

Here, Plaintiff lives 231 miles away from the place of public accommodation owned by Defendant. *See* RJN, Ex. 1. Because Plaintiff lives so far away, Plaintiff must "demonstrate" his intent to return to the geographic location and his desire to visit the Restaurant once it becomes ADA-compliant. *See D'Lil*, 538 F.3d at 1037. Plaintiff provides no reasons in his Complaint why he, a resident of Casa Grande, Arizona, would return to this specific location of Popeyes Louisiana Kitchen in Calexico, California. *See generally* Compl. Nor does Plaintiff demonstrate an intent to visit the area, for reasons such as the work opportunities and friends for which the *D'Lil* plaintiff visited Santa Barbara, the annual Disneyland trips for which the *Doran* plaintiff visited Anaheim, or the grandmother for whom the *Pickern* plaintiff visited Paradise.

Other than allegations of current deterrence, the only allegation relevant to the "actual or imminent" standing analysis is that "Plaintiff intends to return to the Store referenced when he is assured that it has become welcoming to Plaintiff and similarly situated persons with disabilities who use a wheelchair." Compl. ¶ 21. This allegation does not *demonstrate* why Plaintiff intends to visit Calexico again. It also does not *demonstrate* why Plaintiff desires to visit the Restaurant again. This allegation merely

25-CV-1459 JLS (LR)

recites an element of standing for the ADA claim, and conclusory recitals of elements of a claim without any facts or specific information to explain the assertions are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, Plaintiff fails to plead an actual or imminent injury sufficient to confer standing under the ADA, and Defendant's Motion to Dismiss is hereby **GRANTED** with leave to amend.[2]  Plaintiff may amend his Complaint to demonstrate his intent to return to the geographic area of Calexico, CA, and demonstrate his desire to return to the Restaurant. *See, e.g.*, *Gastelum v. TJX Cos., Inc.*, No. 21-CV-6714-VKD, 2023 WL 411345, at *7–9 (N.D. Cal. Jan. 25, 2023) (denying motion to dismiss where the same plaintiff specifically alleged he intended to return to the store at issue and discussed his regular travels through the area to visit family and conduct ADA testing); *Jones*, 2024 WL 566502, at *1–2 (finding standing when plaintiff alleged that he wanted to return to purchase products from the store at issue and that he travels to the area several times a month to visit a friend).

## CONCLUSION

In light of all the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7) and **DISMISSES** Plaintiff's ADA claim **WITH LEAVE TO AMEND**. Within twenty-one (21) days of this Order, Plaintiff either (1) **SHALL FILE** an amended complaint, or (2) **SHALL INDICATE** to the Court that he will not do so.  Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint and claims not realleged in the amended complaint will be considered waived.

---

[2] Defendant does not challenge the Court's jurisdiction over Plaintiff's related state law claims. Nonetheless, the Court is satisfied that it has diversity jurisdiction over the remaining state law claims because Plaintiff is a citizen of Arizona, Defendant is a citizen of California, and the amount in controversy exceeds $75,000, as he cumulatively seeks injunctive relief to architecturally remedy Defendant's purported violations, statutory damages, punitive damages, and attorney's fees.  *See* Opp'n at 5–7; *Gastelum v. Kalthia Constr. & Mgmt. Co., LP*, No. 25-CV-211-JO-LR, ECF No. 8 (S.D. Cal. March 27, 2025).

*See* S.D. Cal. Civ LR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").

**IT IS SO ORDERED.**

Dated:  March 16, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-1459 JLS (LR)